UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PAUL C. JONES<br>    D.O.C. # 403455 | : | DOCKET NO. 17-cv-788<br>SECTION P |
| VERSUS | : | JUDGE WALTER |
| GEO GROUP INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court are a Motion for Recusal [doc. 19] and Motion to Amend [doc. 20] filed in the instant suit by plaintiff Paul Jones who is proceeding *pro se* in this matter. Jones is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Elayn Hunt Correctional Institute in St. Gabriel, Louisiana. *See* doc. 19, att. 3. His complaint relates to events that occurred while he was incarcerated at Allen Correctional Center in Kinder, Louisiana.

### I.
#### BACKGROUND

Jones filed a civil rights suit in this court on June 19, 2017, and was granted leave to proceed *in forma pauperis* ("IFP"). Docs. 1, 4. Upon initial review of his complaint, however, we determined that he was barred from proceeding IFP due to his history of filing at least three complaints that were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous or failing to state a claim on which relief could be granted. Doc. 13, pp. 1–2. We also determined that Jones's allegations did not meet the exception, under § 1915(g), through which a prisoner might proceed IFP despite his history of dismissals if he can show that he "is under imminent danger of serious

physical injury." *Id.* Accordingly, by order dated October 20, 2017, we rescinded our prior grant of IFP status and ordered Jones to pay the full filing fee, $400, within twenty days. *Id.* at 3. Jones was warned that failure to comply and pay the full filing fee would result in the pleadings being stricken from the record. *Id.*

On November 29, 2017, the court received payment in the amount of $20.00 from Jones, via transaction posted on November 17. *See* Unnumbered Docket Entry, November 29, 2017. Jones then submitted two requests for documents, received on December 8, 2017. Docs. 14, 15. On December 27, 2017, noting that Jones had not complied with our previous order by paying the full filing fee within the allotted time period, we ordered that his complaint be stricken from the record.[1] Doc. 17.

Jones now moves for our recusal, disputing our conclusion of no imminent danger in the order rescinding his IFP status. Doc. 19; doc. 19, att. 1. He also seeks to amend his complaint in order to "specify facts giving rise to [his] suit" and "identify[] other defendants involved." Doc. 20, att. 1, p. 1. In his memoranda in support of these motions, he also provides his post-filing transfer history, stating that he was transferred from Allen Correctional Center to Elayn Hunt Correctional Center on June 26, 2017, then from Elayn Hunt Correctional Center to Dixon Correctional Institute on August 14, 2017, then from Dixon Correctional Institute back to Elayn Hunt Correctional Center on December 4, 2017. Doc. 19, att. 1, p. 3; doc. 20, att. 1, p. 3.

We first consider whether there is any basis for recusal and then whether Jones should be allowed to reopen his case and amend his complaint.

---

[1] This document was returned as undeliverable, ostensibly due to Jones's transfer from Dixon Correctional Institute to Elayn Hunt Correctional Center (described infra). Doc. 18. It will be resent.

## II.
### LAW & ANALYSIS

#### A. *Motion to Recuse*

Under 28 U.S.C. § 455, grounds for recusal include the judge's bias or prejudice concerning a party, personal knowledge of disputed evidentiary facts, or when the judge's partiality "might reasonably be questioned." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "[T]he alleged bias must be personal, as distinguished from judicial, in nature." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Accordingly, "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Id.*

Jones presents nothing other than his disagreement with our ruling in this matter, alleging that it reflects a lack of competency and that we should thus be disqualified from handling his case.[2] The ruling he challenges was a determination, made based on our consideration of other decisions in this district and courts in the Middle District of Louisiana, that his unsubstantiated assertions of imminent danger did not meet the exception set out under § 1915(g). Doc. 13, p. 2.

Plaintiff's allegations fail to provide any valid basis for recusal and this motion is therefore **DENIED**.

#### B. *Motion to Amend/Reopen*

We next consider whether the case should be reopened and whether Jones should be given the opportunity to amend his complaint. Under Rule 60 of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order on the following grounds: (1) mistake, (2)

---

[2] He also seeks to incorporate his briefing on a motion for recusal which he claims he recently filed in a pending habeas proceeding in the United States District Court for the Middle District of Louisiana, *Jones v. Cooley*, No. 3:17-cv-180 (M.D. La.). Doc. 19, att. 1, pp. 4–5. We can find no record of that motion, nor can we see what use his arguments on the recusal of another judge would be to this matter.

newly discovered evidence, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that was reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

In support of his motion, Jones expands on his "imminent danger" allegations. The only new information appears to be that he has been placed on suicide watch at Dixon Correctional Institute and Elayn Hunt Correctional Center. Doc. 20, att. 1, p. 4. He also submits a "Current Patient Synopsis to Physician for Accurate Diagnosis and Proper Care," and several exhibits documenting allegations he has made at multiple facilities over the last several years of poisonings and conspiracies against him. Doc. 20, atts. 3, 4. These allegations and exhibits, which have no support outside of Jones's personal beliefs, do not persuade us that there was any error in our conclusion that Jones had not shown sufficient merit to his claims of imminent danger.

As noted supra, Jones had not received notice of our strike order at the time he filed this motion. However, he had received this court's order revoking his IFP status and warning him of the consequences of not paying the full filing fee. By his own admission, Jones's transfer from Dixon Correctional Institute to Elayn Hunt Correctional Center did not occur until December 4, 2017, well after his November 9, 2017 deadline for paying the filing fee in order to prevent having his pleadings stricken. He provides no excuse for his failure to comply, and so we see no justification for allowing him to reopen the case. Accordingly, the motion is **DENIED**.

### III.
#### CONCLUSION

For reasons stated above, both motions are **DENIED**.

THUS DONE AND SIGNED in Chambers this 5th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE